Ramon R. Mateo, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, et al., Respondents.

Submitted on briefs, December 6, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Ramon Mateo*, petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE DISALLE, January 26, 1979:

On July 20, 1978, Ramon R. Mateo (Petitioner) filed a Petition for Review, challenging the actions of the Pennsylvania Board of Probation and Parole (Board) recommitting him as a technical and convicted parole violator. On August 24, 1978, the Board filed an answer with new matter. Each party asks for judgment on the pleadings.

The facts follow. On August 23, 1976, Petitioner received a sentence of one and one-half to five years for aggravated assault from which he was paroled on July 28, 1977. On October 21, 1977, he was arrested on charges of burglary, possession of an instrument of crime, and possession of a controlled substance, but was released on bail before the Board learned of the arrest. One month later, Petitioner was arrested on charges of attempted burglary, and on November 22, 1977, the Board lodged a parole violation warrant against him.

Following a December 6, 1977 preliminary/detention hearing, the Board ordered Petitioner detained and returned as a technical parole violator. On March 28, 1978, Petitioner was convicted of two counts of attempted burglary, and two weeks later, he requested that his revocation hearing be continued until after sentencing. On June 27, 1978, he was sentenced to two concurrent terms of two to five years on the attempt-

ed burglary convictions. Petitioner was received at the State Correctional Institution at Graterford on July 3, 1978, and following a revocation hearing held on August 24, 1978, the Board ordered Petitioner recommitted.

Petitioner asks that we vacate the Board's order and reinstate him on his original parole status on the grounds that the Board failed to conduct timely hearings. In response to Petitioner's first contention that 37 Pa. Code §71.2(3) requires the Board to conduct the preliminary hearing within *ten* days of the lodging of the detainer warrant, we note that effective March 1, 1977, 7 Pa. B. 487 amends that section to give the Board *fifteen* days within which to conduct the preliminary hearing. Since here the hearing occurred 14 days after lodging of the detainer warrant, we cannot agree that it was untimely.

Similarly, we reject Petitioner's second contention that the revocation hearing was untimely. Ordinarily, the Board must conduct the revocation hearing within 120 days of the preliminary hearing.[1] However, 7 Pa. B. 487, §71.4, provides that a parolee convicted of a new criminal offense, shall, if confined outside the jurisdiction of the Pennsylvania Bureau of Corrections, such as in a county correctional institution, be given a revocation hearing within 120 days of his return to a state correctional facility. Since Petitioner received a hearing within 120 days of the date on which he was transferred from the county facility to the state facility (July 3, 1978), that hearing was also timely.[2]

---

[1] 7 Pa. B. 487, §71.2(11).

[2] Petitioner also argues that he did not have an interpreter on April 12, 1978, when he agreed to continue his revocation hearing, and that only two of the five Board members were present at the August 24, 1978 hearing, in violation of the requirement that hearings be conducted before a quorum of the Board. Because Petition-

ORDER

AND Now, this 26th day of January, 1979, the cross-motion of the Pennsylvania Board of Probation and Parole for judgment on the pleadings in the above-captioned case is hereby granted, and the motion of Ramon R. Mateo for judgment on the pleadings is hereby denied.

er neither made these allegations in his Petition for Review, nor moved for leave to file an amended petition, we need not discuss them.